EASTERN DIST.
June, 1835.

JANIN
vs.
HIS CREDITORS.

===

## CHARLES JANIN vs. HIS CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The hypothecary as well as the chirographery creditors, constitute a part of the aggregate amount of the passive debts of an insolvent, and all together, form the mass; a majority of three-fourths, in number and amount of which, is necessary to grant a forced respite.

Creditors having a privilege or special mortgage on property of the insolvent, cannot be deprived of their right of seizure, by a forced respite; but if this property is insufficient, they are restrained by the respite from proceeding against any other, for the balance unpaid.

The insolvent debtor cannot avail himself of an error in the notice to his creditors, and have their proceedings set aside, on the ground that, through mistake, he convened them on too early a day.

This suit commenced by an application for a respite. The hypothecary creditors refused, and a sufficient number not voting for it, the meeting proceeded as in a voluntary surrender.

The pleadings, facts and evidence of the case, are correctly stated in the opinion and judgment of the district judge who tried the cause.

On the 18th February, 1835, C. Janin filed his *bilan*, and prayed for an order convoking his creditors. The order was made to convoke them after the usual and legal notices. The insolvent did not, in his schedule, insert the residence

of his creditors.    The meeting was advertised for 4th March, 1835, upon ten days' notice.    It appears there was but one creditor out of the state, and he was stated to be represented by I. T. Preston.

Norbert Fortier, a creditor, gave a power of attorney to C. Derbigny, to represent him, and to do all he judged best for his interest; and, specially, to vote for Joseph Le Carpentier, as syndic.

C. Derbigny appeared, voted for the respite, and further declared, that, in case the said C. Janin did not obtain the respite prayed for by him, he solemnly protests against all the proceedings held in the matter, upon the ground, that the usual delay fixed by law for the publications, was not allowed, and that his client, who resides out of this parish, must not be considered as having been regularly and legally notified.

The insolvent himself protested against his own proceedings, on the ground, that he had been misinformed as to Mr. Preston's powers in relation to the claim or debt of David Henry, the absent creditor.

This objection is renewed by two other creditors, in an opposition filed on 11th April, 1835, the day fixed on for the trial of the opposition of Charles Janin, which was to the same effect.

I consider all this opposition as coming from the insolvent himself.

These oppositions do not appear to me sufficient to affect the regularity of the proceedings.

Fortier cannot appear for one purpose and not for another: he appeared and voted for the respite, and this appearance waives citation.    The order in the power of attorney, to vote for Le Carpentier, contemplates a surrender, and the attorney in fact does not follow this order.    But his appearing and voting, waives all objections, and he cannot act the double part of taking part in the proceedings, if they were according to his wish, and opposing them if they were not.

As to the appearance of D. Henry: Preston was his attorney to collect the debt.    He did nothing more at the

meeting than an attorney appointed by the court could have done. I am of opinion that his authority, as attorney at law, warranted him in doing what he did. An attorney at law is a special attorney in fact, and may do every thing which may tend to accomplish the object entrusted to him.

I am of opinion that mortgage creditors have a right to appear and vote at a respite, and are to be counted among the creditors for all purposes.

The oppositions of the insolvent and opposing creditors, were overruled; the proceedings homologated and Joseph Le Carpentier declared to be duly appointed syndic. The insolvent and opposing creditors appealed.

*C. Janin, in propriâ personâ*, and *Labarre*, for opposing creditors and appellants.

1. A meeting of creditors is to be called at thirty days, if there are some of them residing out of the parish. *Louisiana Code, article* 3054.

2. Absent creditors, who are not domiciliated in the state, are to be represented at the meeting by an attorney appointed by the judge. *Louisiana Code, article* 3055.

3. A creditor who does not make oath before the notary holding the meeting, that the sum which he claims is due, shall not have the right of voting, and his credit or vote shall not be counted among those by which it is to be determined, whether the respite is granted or not. *Louisiana Code, article* 3054.

4. A respite is for the exclusive interest of ordinary creditors. Those who have a special mortgage, and some others whose debt is privileged, have no interest in that contract. Their names and claims ought not to be counted among those by which it is to be determined, whether the respite is granted or not. *Louisiana Code, articles* 3051, 3052, 3062.

It is a general rule, that the authority of the attorney at law terminates with the judgment in the suit for which he was employed. *Dangerfield's executrix* vs. *Thruston's heirs*, 8 *Martin, N. S.*, 234.

*Morphy* and *Grailhe,* for the appellees.

When an insolvent prays for a respite which is refused by the creditors, they have the right of proceeding immediately, as if it were a cession, and of voting for syndics and directing the terms upon which the property is to be sold. *Louisiana Code, article* 3065. 3 *Louisiana Reports,* 39.

2. Three-fourths, in number and amount of the *creditors on the bilan,* are necessary to a forced respite. *Louisiana Code, article* 3050. 3 *Martin, N. S.,* 506.

3. Privileged and mortgage creditors have an equal right with the others of voting for syndics in a cession, or against the time prayed for in a respite. *Enet* vs. *his creditors,* 4 *Martin,* 401, 599. *Louisiana Code, article* 3062.

4. The judge may order a meeting of the creditors to be held in ten days from the time of making such order, if the creditors residing in this state, but out of the parish where the meeting is to be held, are represented in said parish. 2 *Moreau's Digest, page* 440, *section* 11.

5. That the creditors residing out of the state are not in any case to be summoned to the meeting, and that the delay of *thirty* days is provided for the benefit of creditors domiciliated in the state, but out of the parish, where the meeting is to be held. *Louisiana Code,* 3054, 3055.

6. Every opposition to the homologation of deliberations of creditors, must be made within ten days from the filing of the *procès verbal* and must be tried on the reasons expressly set forth in the same. *Louisiana Code, article* 3059.

7. The formalities prescribed by law for obtaining a respite, being imposed on the insolvent who prays for it, he cannot take advantage of any omission or informality in the proceedings, when the creditors refuse the respite, and compel him to a cession nor can any such omission or informality invalidate the whole proceedings. *Louisiana Code, article* 3054.

*Martin, J.,* delivered the opinion of the court.

In this case, the insolvent debtor presented his petition and *bilan,* or schedule, praying for a respite, and that his creditors

be convened for that purpose. The respite was refused and the proceedings were, according to law, changed into a *cessio bonorum.* Syndics were appointed by the creditors, which was opposed by two creditors and the insolvent debtor himself. The appellants contended that the respite was accorded to the' insolvent, and consequently the proceedings of the creditors, as in case of a cession, were irregularly and illegally carried on against him. The district judge decided against the pretensions of the opponents, and they appealed.

EASTERN DIST.
June, 1835.

JANIN
vs.
HIS CREDITORS.

The insolvent debtor relies, in order to establish the grant of the respite by his creditors in the first instance, on the rejection of the claims of his creditors in fixing the aggregate amount of his passive debts, in order to ascertain the legal majority which must concur in granting the respite. It is admitted, that if the claims of the hypothecary creditors are not to be regarded, there was a legal majority in favor of the respite : so that the only question before the court is, whether the hypothecary debts constitute a part of the aggregate amount of the passive debts of an insolvent who asks a respite, in order to ascertain the required majority.

The insolvent contends, that as the hypothecary creditors were not prevented by the respite from proceeding on their mortgages and obtaining an order of seizure and sale against the mortgaged property of the debtor, they are without interest to oppose the respite. In support of this proposition, he has invoked the opinions of several eminent French jurists.

On this point, the court has no difficulty in coming to a decision. We have textual provisions of law, which we are not at liberty to disregard, and which establish the reverse of the proposition contended for. The Louisiana Code, article 3053 requires the votes of three-fourths of the creditors in number and amount, to grant a forced respite, which takes place when the creditors " *do not all agree.*" And under the word *creditors,* in the Code, hypothecary and - chirographery creditors are certainly included.

The article 3062, provides that privileged creditors and those who have a special mortgage, cannot be deprived of the right of seizure by a respite ; but if the property on which

*The hypothecary as well as the chirographery creditors, constitute a part of the aggregate amount of the passive debts of an insolvent, and all together, form the mass ; a majority of three-fourths in number and amount of which, is necessary to grant a forced respite.*

*Creditors having a privilege or special mortgage on property of the insolvent, cannot be deprived of their right of seizure by a forced respite ; but if this property is insufficient, they*

EASTERN DIST.
June, 1835.

are restrained by the respite from proceeding against any other for the balance unpaid.

The insolvent debtor cannot avail himself of an error in the notice to his creditors, and have their proceedings set aside on the ground, that through mistake he convened them on too early a day.

they have this privilege or mortgage, is insufficient to pay the whole of their claims, they shall be restrained from proceeding against the surplus, by the terms of the respite.

It is, therefore, not correct to say that a respite does not affect these creditors.

The insolvent has further urged, that the meeting of his creditors was irregularly called on a notice of *ten* days, on account of his being mistaken as to one of his creditors who resided out of the state, being represented therein. To this it has been victoriously replied, that he cannot avail himself of any irregularity which was the result of his own error or mistake in requesting that his creditors be convened on too early a day.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.